UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ESCAMILLA-SANTIAGO,<br>Petitioner,<br>v.<br>TONYA ANDREWS,<br>Respondent. | No. 1:26-cv-07443-DAD-CSK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 2, 3, 4) |

On September 14, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint to counsel (Doc. No. 4). On September 16, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of respondent's position in this regard. (*Id.*)

/////

On September 17, 2026, respondent filed an opposition to the pending motion. (Doc. No. 8.) Therein, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and is entitled to request a custody redetermination hearing before an immigration judge ("IJ"). (*Id.* at 1.) Respondent has not stated any opposition to the court ruling directly on the merits of the petition based on the present briefing before it, and the court will do so.

Based upon the parties' briefing, the court finds the following facts. Petitioner last entered the United States in 2021 without inspection or admission. (Doc. No. 1 at ¶¶ 42–43.) On or about August 5, 2026, petitioner was transferred from local custody to ICE custody pursuant to an arrest warrant. (Doc. Nos. 8-1 at 1–2; 8-5 at 3.) That same day, ICE served petitioner with a notice to appear and provided him an initial custody determination by ICE that petitioner should remain detained during the pendency of his removal proceedings. (Doc. Nos. 8-2 at 1; 8-3 at 1–4.) Petitioner was served with the Form I-826, the document that ICE officers complete after conducting an initial custody determination. (Doc. No. 8-2.) That document reflects that petitioner requested a custody redetermination hearing before an IJ.[1] (*Id.*)

In the pending habeas petition, petitioner alleges that his detention violates procedural due process. (Doc. No. 1 at ¶¶ 69–74.) "The Supreme Court confirmed well over a century ago that even [noncitizens] shall not be . . . deprived of life, liberty, or property without due process of law. *Padilla v. United States Immigr. & Customs Enf't*, __F.4th__, No. 24-2801, 2026 WL 2822044, at *11 (9th Cir. Sept. 21, 2026) (internal quotation marks omitted) (citing *Wong Wing v. United States*, 163 U.S. 228, 238, (1896)). "The application of the Fifth Amendment to noncitizens has been repeatedly and resoundingly reaffirmed over the many years since *Wong Wing*." *Id.* "Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines

[1] The Form I-286 "provides the formal mechanism—a box the detainee may check—to immediately request a custody *redetermination* hearing (*i.e.* bond hearing) before and IJ." *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). "If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court." *Brito v. U.S. Immigr. and Customs Enf't.*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *2 (E.D. Cal. Oct. 19, 2026).

the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

As to the first step, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025). Here, petitioner has resided in the United States for over five years and has financially supported his family who also reside in this country. (Doc. No. 1 at ¶¶ 42, 68.) He has established a life for himself in this country over that five-year period. The court concludes that he has a liberty interest in his continued freedom from detention and therefore the first step weighs in his favor. *S.G. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-03322-TLN-JDP, 2026 WL 2475525, at *4 (E.D. Cal. Aug. 24, 2026) ("Petitioner has a clear liberty interest here. He has resided in the United States for approximately five years and works to provide for his family.").

Turning to the second step, the court must analyze the following factors to determine what process is constitutionally required: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, the court has determined above that petitioner has a liberty interest in remaining free from detention. He has been in immigration custody for months with obvious impact upon him. (Doc. No. 1 at ¶ 68.) Accordingly, consideration of this factor weighs in petitioner's favor. *H.E. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-07729-TLN-SCR, 2026 WL 3071606, at *2 (E.D. Cal. Oct. 14, 2026) (concluding that this factor weighed in the petitioner's favor where he was detained for over two months, separated by his family, unable to

work, and was suffering mental health issues).

As to the second factor, petitioner requested a custody re-determination hearing before an immigration judge on August 5, 2026, and there is no evidence before the court that he received such a hearing by the time he filed the pending habeas petition on September 14, 2026. Even if petitioner received a custody re-determination hearing after he initiated this habeas action, "[c]ourts in the Ninth Circuit have found that such a delay renders that hearing inadequate to protect the noncitizen's right to due process." *Brito*, 2026 WL 3120979, at *4 (concluding that the second factor weighed in favor of a petitioner who did not receive a custody re-determination hearing before an IJ until six weeks after he requested one). Accordingly, consideration of the second factor weighs in petitioner's favor.

As to the third factor, the court acknowledges that "the government clearly has a strong interest in preventing aliens from 'remain[ing] in the United States in violation of our law.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (alteration in original) (citing *Demore v. Kim*, 538 U.S. 510, 518 (2003)). However, this interest is low where, as here, petitioner did not promptly receive an initial custody determination that he is statutorily entitled to. *Brito*, 2026 WL 3120979, at *4 (reaching the same conclusion for a petitioner who did not receive a custody re-determination until over one month after he requested one). Moreover, "[i]n immigration court, custody hearings are routine and impose a minimal cost." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025) (internal quotation marks and citation omitted). Therefore, the court concludes that the third factor also weighs in petitioner's favor.

Based on the analysis above, the court concludes that petitioner is entitled to habeas relief and will order his immediate release. *Brito*, 2026 WL 3120979, at *5 (ordering release of petitioner who did not receive a prompt custody redetermination hearing after he requested one).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to release petitioner Alberto Escamilla-Santiago, A-File No. 078-194-720, from respondent's custody;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion for temporary restraining order (Doc. No. 3) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting him habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 26, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE